IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOILERMAKERS NATIONAL HEALTH
AND WELFARE FUND; and DAVID E.
HANSON as fiduciary of the Boilermakers
National Health and Welfare Fund,

        Plaintiffs,

  vs.                                                  Case No.
                                                            04-2472-GTV

JOHN MUIR/MT. DIABLO HEALTH
SYSTEM,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiffs Boilermakers National Health and Welfare Fund and David E. Hanson, fiduciary of the Fund, bring this ERISA[1] action, alleging that they erroneously overpaid Defendant John Muir/Mt. Diablo Health System for billed medical charges relating to the treatment of one of Defendant's patients. Defendant has refused to return the overpayment. Plaintiffs seek reimbursement of the overpayment, as well as pre-and post-judgment interest and attorney fees and costs. Defendant moved to dismiss the case (Doc. 3), arguing that this court has neither personal jurisdiction over Defendant, nor subject matter jurisdiction over the case. For the following reasons, the court grants the motion because the court lacks subject matter jurisdiction over the case.

---

[1] Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132, 1109.

1

## I. STANDARD FOR JUDGMENT

Defendant moves to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(1) and (2) of the Federal Rules of Civil Procedure for lack of jurisdiction over the subject matter or person. Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citation omitted). A court reviewing a facial challenge must accept the plaintiff's factual allegations regarding jurisdiction as true. Id. at 1002. In contrast, a court reviewing a factual attack may not presume that the plaintiff's allegations are true. Id. As the party seeking to invoke federal jurisdiction, Plaintiffs bear the burden of proving that jurisdiction is proper. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (citations omitted). Because federal courts are courts of limited jurisdiction, the presumption is against federal jurisdiction. Id. (citation omitted). It appears here that Defendant has mounted both a facial and factual challenge to Plaintiffs' complaint. None of the parties, however, have attached outside evidence for the court to consider.

As noted below, the court need not reach the merits of Defendant's 12(b)(2) arguments, so it will not recount the standard for judgment here.

## II. FACTUAL BACKGROUND

The following facts are based upon the allegations in Plaintiffs' complaint.

Plaintiff Boilermakers National Health and Welfare Fund ("the Fund") is an "employee welfare benefit plan" located in Kansas City, Kansas. It was established by a trust agreement, and

provides comprehensive medical benefits for active and retired boilermakers and their eligible dependents. Defendant is a California corporation with its principal place of business in California.

Gerald Cornelius was a participant in the Fund's medical plan. His wife, Candace Lee Cornelius, was an eligible dependent in the plan, and was also a covered participant in the United Healthcare medical plan of her employer, Xerox Corporation. Mrs. Cornelius underwent medical treatment at Defendant's hospital in Walnut Creek, California between December 12 and 17 of 2002. The total billed charges for her medical services were $60,982.84.

The United Healthcare plan bore the primary financial responsibility for Mrs. Cornelius's medical care. Under an agreement between Defendant and United Healthcare, only $21,315.42 of the billed charges were "allowed." In other words, Defendant was only allowed to bill charges up to that amount. Of the allowed charges, according to the coordination-of-benefits provisions of the medical plans, United Healthcare was responsible for paying $19,858.91, and the Fund was responsible for paying the balance, or $1,456.51.

Around February 2003, United Healthcare paid Defendant $19,858.91 for its services. The Fund, due to a clerical error, paid Defendant $41,123.93 for the services, representing an overpayment of $39,667.42. Plaintiffs have requested several times that Defendant reimburse the overpayment, but Defendant has not done so.

## III.  DISCUSSION

### A.  Subject Matter Jurisdiction

The key issue is whether Plaintiffs' claims fall under ERISA's umbrella. If so, this court has subject matter jurisdiction over the case. If not, this court has no basis for asserting jurisdiction over Plaintiffs' claims.

Plaintiffs first assert that this court has subject matter jurisdiction over their claims because Defendant has become a *de facto* fiduciary within the meaning of ERISA by exercising discretionary control over disposition of the Fund's assets. Specifically, Plaintiffs claim that Defendant became a *de facto* fiduciary when it improperly exercised control over disposition of Fund assets, converted them to its personal use, and refused to return the assets. Plaintiffs attempt to bring their claim under 29 U.S.C. § 1132(a)(2), which states that an action may be brought for relief pursuant to 29 U.S.C. § 1109. Section 1109 provides for liability for breach of fiduciary duty. ERISA defines a fiduciary as follows:

> (21)(A) Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21).

The court determines that Defendant does not fall under this definition of a fiduciary. Defendant is merely a third-party health care provider. Although Defendant retained money paid

by the plan, there is no evidence or allegation that Defendant exercised any discretionary authority or control respecting *management* of the Fund or its assets; that Defendant rendered investment advice or has the authority to do so; or that Defendant had any discretionary authority or responsibility with respect to Plan *administration*.  Cf. Wright v. Or. Metallurgical Corp., 360 F.3d 1090, 1101-02 (9th Cir. 2004) (requiring the plaintiff to show that the defendant exercised informal discretionary power over plan management and administration); In re Williams Cos. ERISA Litig., 271 F. Supp. 2d 1328, 1341 (N.D. Okla. 2003) (citation omitted) ("In sum, ERISA defines a fiduciary 'in *functional* terms of control and authority over the plan.'") (emphasis in original); Vest v. Gleason & Fritzshall, 832 F. Supp. 1216, 1218 (N.D. Ill. 1993) ("[M]ore than blind control must be established before fiduciary duties [can] be imposed.  We agree with, and the case law supports, the conclusion that not all parties who exercise control over plan assets automatically become fiduciaries.  We cannot imagine, for example, that a thief who seizes trust assets, even knowingly, renders himself a fiduciary. . . .  More sensibly, a party must be in some position of trust and responsibility before fiduciary duties may accrue.").

Plaintiffs also attempt to bring a claim under 29 U.S.C. § 1132(a)(3)(B), which allows a participant, beneficiary, or fiduciary to bring a civil action to obtain equitable relief to redress violations of ERISA or the terms of the plan or to enforce any provisions of ERISA or the terms of the plan.  Although Plaintiffs state in their brief – not their complaint – that the suit seeks "to redress both a violation of the plan (the overpayment) and to enforce the recovery of the overpayments portion of the plan," they do not attach the plan as evidence.  The court cannot review the plan to determine whether it has an "overpayments" provision or any other provision

that Defendant may have violated. Plaintiffs have the burden of establishing this court's subject matter jurisdiction over their case, and the court cannot determine whether it has jurisdiction based on the information before it. See Basso, 495 F.2d at 909 (citations omitted).

Because the court cannot review any "overpayments" provisions of the plan, the court cannot determine whether the key case cited by Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund v. Neurobehavioral Associates, P.A., 53 F.3d 172 (7th Cir. 1995), is on point. In Central States, a medical provider submitted a claim to a benefit plan for $100. 53 F.3d at 172. As a result of clerical error, the benefit plan issued a payment to the medical provider for $10,000. Id. The benefit plan requested return of the excess payment, but the medical provider refused. Id. The Seventh Circuit held that the court had subject matter jurisdiction over the claim because the benefit plan was seeking to enforce a portion of its contract stating:

> Whenever this Plan has made benefit payments exceeding the amount of benefits payable under the terms of this Plan, the Fund shall have the right to recover the excess payments from any responsible person or entity, including the right to deduct the amount of excess payment from any subsequent payable benefits.

Id. at 173-74, 173 n.2. The court also commented on ERISA's "broad preemptive sweep," and expressed concern that the benefit plan's claim might otherwise be barred in state court. Id. at 174-75.

The cases that Central States cites in support of its decision also involved claims where the courts were able to examine a contractual provision that was violated. See, e.g., Blue Cross & Blue Shield of Ala. v. Weitz, 913 F.2d 1544, 1547 (11th Cir. 1990); Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985, 986 (4th Cir. 1990). And the contracts at issue were between

6

the plaintiffs and defendants. Here, Plaintiffs admit that Defendant is not a party to the plan. Moreover, Plaintiffs are not a party to the billing agreement allegedly violated between United Healthcare and Defendant.

On the other hand, the cases cited by Defendant are also distinguishable. See, e.g., Trs. on Behalf of the Teamsters Benefit Trust v. Doctors Med. Ctr. of Modesto, Inc., 286 F. Supp. 2d 1234 (N.D. Cal. 2003); Nat'l Benefit Adm'rs, Inc. v. Miss. Methodist Hosp. & Rehab. Ctr., Inc., 748 F. Supp. 459 (S.D. Miss. 1990). In Teamsters Benefit Trust, the plaintiff benefit fund made an overpayment of approximately $64,000 to a medical provider. 286 F. Supp. 2d at 1235. The plaintiff fund alleged that the medical provider overbilled in violation of the agreement between the benefit plan and the provider. Id. The court declined to exercise subject matter jurisdiction because the action was not for equitable relief; it was instead seeking a legal remedy based upon a contract. Id. at 1237. The key factor to the court's determination was the existence of a contract between the plaintiff and the defendant, an element missing in the instant case.

In National Benefit Administrators, a benefit plan made payments of approximately $65,000 to a medical provider before learning that the patient was not a qualified beneficiary under the plan. 748 F. Supp. at 460. The court held that it did not have subject matter jurisdiction to hear the case: "[I]n enacting ERISA Congress did not intend to address the question of whether or under what circumstances a health care provider, having extended medical services to a patient and having received payment from the plan, may be made to return those payments to the plan once it was discovered that the patient was not covered." Id. at 464. The court noted that the third-party medical provider was not a party to the benefit plan, and had not violated or threatened to violate

7

its terms. Id. at 463. In contrast to the instant case, National Benefit Administrators was a case about who should bear the risk of loss for those who wrongfully claim a right to plan benefits.

In sum, it seems that all of the cases cited by the parties are distinguishable in one manner or another. But the critical factor to the court is the plain language of 29 U.S.C. § 1132(a)(3)(B), which states that "[a] civil action may be brought . . . by a . . . fiduciary . . . to obtain other appropriate equitable relief (i) to redress [violations of ERISA or the plan] or (ii) to enforce any provisions of this subchapter or the terms of the plan." Here, Plaintiffs have not met their burden of showing that a violation of a plan provision is at issue. They have not attached a copy of the plan or alleged that Defendant was a party to the plan and capable of violating the terms of the plan. The court therefore determines that it lacks subject matter jurisdiction over the case.

As a final note, Plaintiffs argue that this court should assert jurisdiction over their case because their claims are otherwise likely to be barred by the doctrine of ERISA preemption. They cite 29 U.S.C. § 1144, which states that ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered under ERISA. A state law "'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-7 (1983). The preemption issue is not currently before the court, and the court declines to speculate on whether Plaintiffs' claims would be preempted without reviewing the plan documents. In any event, the Tenth Circuit has held that lack of a remedy has no bearing on preemption analysis. See Cannon v. Group Health Serv., 77 F.3d 1270, 1274 (10th Cir. 1996).

8

### B.  Personal Jurisdiction

Because the court has determined that it has no subject matter jurisdiction over the case, Defendant's personal jurisdiction arguments need not be addressed.

### C.  State Law Claims

Having dismissed all of Plaintiffs' claims over which the court has original jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3) (1994); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

IT IS, THEREFORE, BY THE COURT ORDERED that Defendant's motion to dismiss (Doc. 3) is granted.

The case is closed.

Copies or notice of this order shall be transmitted to counsel of record.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 22nd day of February 2005.

/s/ G. T. VanBebber
G. Thomas VanBebber
United States Senior District Judge

9